# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Billy Mark Thompson, ) | |
| ) | Civil Action No. 5:14-cv-03805-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, ) | |
| Acting Commissioner of ) | |
| the Social Security Administration, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Plaintiff Billy Thompson ("Plaintiff") filed this action, seeking judicial review under 42 U.S.C. § 405(g) (2012) of the final decision of the Commissioner of the Social Security Administration (the "Commissioner"). This matter is before the court for review of the United States Magistrate Judge's Report and Recommendation ("Report"), issued in accordance with 28 U.S.C. § 636(b)(1)(B) (2012) and Local Rule 73.02(B)(2)(a) D.S.C. (ECF No. 25.)

In her Report, the Magistrate Judge recommended affirming the Commissioner's final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB"), (*id.* at 24), to which Plaintiff timely filed an Objection (ECF No. 27).[1] For the reasons set forth below, the court **ADOPTS** the Magistrate Judge's Report (ECF No. 25) and **AFFIRMS** the Commissioner's final decision denying Plaintiff's claim for DIB under 42 U.S.C. § 405(g).

## I.    LEGAL STANDARD

---

[1] Defendant filed a Reply (ECF No. 29) stating that Plaintiff's objections "constitute a reiteration of Plaintiff's previous contentions, and as such merely constitute an invitation to the court to impermissibly reweight the evidence in this regard." (*Id.* at 1.)

A. *Magistrate Judge's Report*[2]

The Magistrate Judge makes only a recommendation to this court that has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report to which specific objections are filed, and it reviews those portions not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify—in whole or in part—the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

B. *Federal Review of Administrative Decisions*

The Social Security Act establishes an administrative scheme wherein the federal judiciary's role is limited. Section 405(g) of the Act provides, "[T]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).

This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this

---

[2] The Report sets forth in detail the relevant procedure and facts of this matter. (*See* ECF No. 25 at 1–16.) The court incorporates those portions of the Magistrate Judge's Report herein without recitation.

it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58. This court adheres to that responsibility and considers the record, the Report, and Plaintiff's objections in this case.

## II.     ANALYSIS

The first of Plaintiff's major objections is to the Magistrate Judge's conclusion that substantial evidence supports the ALJ's decision to weigh more heavily certain medical evidence over other evidence—in the form of IQ examination scores—that presumably would have been more favorable to Plaintiff in her disability claim. (ECF No. 27 at 2–5 (citing relevant provisions of the Report).)

Plaintiff focuses on the fact that in this case, there are two IQ scores reflecting two separate assessments of Plaintiff and both falling within a range that supports Plaintiff's disability claim. (*Id.* at 2–3.) Acknowledging that an ALJ can "find IQ test scores invalid where they are not supported by the narrative report and record," Plaintiff argues that "the record in this case does not support the ALJ's decision to invalidate Plaintiff's IQ test scores." (*Id.* at 3.) Plaintiff explains that while the ALJ discounted one of Plaintiff's IQ scores, (*id.* at 4.), he, and the Magistrate Judge thereafter, "fail[ed] to address" the other IQ score that also fell within the applicable range to support his disability claim. (*Id.* at 4–5.) Plaintiff claims that the ALJ's decision to invalidate the IQ scores consequently was not supported by substantial evidence. (*Id.*) This court disagrees.

3

Even if the record contained another presumably valid IQ score that supported Plaintiff's disability claim, the fact remains that the ALJ "has the *discretion* to assess the validity of an IQ test result and is not required to accept it."  *Hancock v. Astrue*, 667 F.3d 470, 474 (4th Cir. 2012) (emphasis added).  As in *Hancock*, this court finds that "sufficient circumstances" existed in this case to permit the ALJ's exercise of that discretion to reject the IQ scores in favor of other evidence.  (*Id.* at 475 (noting that "in discrediting the IQ scores, the ALJ relied on the examiner's omission as well as the results' inconsistency with both the claimant's actual functioning and with the notes of treating psychiatrists").  This is because the ALJ in this case deferred to a medical report that suggested that Plaintiff's adaptive functioning and vocational history were more compelling than Plaintiff's IQ examination scores.  (ECF No. 10-2 at 35–36.)

Furthermore, as the Magistrate Judge stated, (ECF No. 25 at 24), the relevant inquiry at this juncture of the case is whether substantial evidence supports the ALJ's decision.  "If the Secretary's findings are supported by substantial evidence, they *must* be affirmed, *even in cases where contrary findings of an ALJ might also be supported.*"  *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986) (emphasis added).  This court affirms the findings here, despite Plaintiff's unavailing argument that the other IQ score should have been explicitly addressed.  (*See* ECF No. 27 at 4–5.)  Indeed, to that specific point, the Fourth Circuit recently has reiterated that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision."  *Reid v. Comm'r of Social Security*, 769 F.3d 861, 865 (4th Cir. 2014) (quotations omitted) (rejecting the plaintiff's argument that the ALJ did not consider certain evidence because the ALJ referenced it "just a few times" in the decision).  Again, the statute providing for judicial review merely requires that "the Commissioner's decision . . . 'contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the

4

Commissioner's determination and the reason or reasons upon which it is based.'" *Id.* (quoting 42 U.S.C. § 405(b)(1) (2012)).  This court finds that the Commissioner has done so here.

The second of Plaintiff's main objections is to the Magistrate Judge's "improper substitut[ion]" of "her own judgment for that of the commissioner."  (ECF No. 27 at 5.)  In appealing the ALJ's decision, Plaintiff argued that the "ALJ improperly assigned 'little weight' to the testimony of his girlfriend . . . and failed to properly explain his assignment of 'little weight' to her testimony."  (*Id.*)  In her Report, the Magistrate Judge responded to that argument:

> "The ALJ considered the testimony and while he found that it gave him better insight into Plaintiff's activities, citing potential bias, he gave her opinion little weight.  Plaintiff has failed to identify what more the ALJ should have done in weighing . . . [the] testimony."

(ECF No. 25 at 26 (citations omitted).)  The Magistrate Judge further observed that the testimony was "largely duplicative of Plaintiff's own testimony."  (*Id.*)

Plaintiff suggests that the Magistrate Judge's observation that the testimony was "duplicative" equates to a "finding" that the testimony should be given little weight, that which qualifies as an "impermissible post hoc weighing of the evidence."  (ECF No. 27 at 6.)  Plaintiff specifically argues that such weighing is "the job of the ALJ and/or Appeals counsel" and is not the Magistrate Judge's responsibility.  (*Id.* at 6.)

This objection also fails largely because this court cannot find in the Report where the Magistrate Judge did any such "weighing" of the evidence that Plaintiff claims she did.  Rather, the Magistrate Judge appropriately acknowledged the ALJ's reasons for assigning little weight to the testimony, (*see* ECF No. 25 at 26), and even went on to acknowledge "the deference accorded to the factfinder's assessment of witness testimony," (*id.* at 26–27).  Contrary to what Plaintiff suggests, the Magistrate Judge never offered her observation that the testimony was duplicative as a reason—nor does she appear to have offered any other reason for that matter—

5

for why the testimony should be accorded little weight. Instead, her recommendation was limited to "a finding that the ALJ did not err in his treatment of [the testimony]." (*Id.* at 27.)

### III.     CONCLUSION

For these reasons, the court **ADOPTS** the Magistrate Judge's Report findings (ECF No. 25) and **AFFIRMS** the final decision of the Commissioner denying Plaintiff's claim for DIB under 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 11, 2016
Columbia, South Carolina